UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

RAYVON BOATMAN,

      Plaintiff,

v.                          Case No: 2:16-cv-247-FtM-29CM

DOTTY RIDDLE, Director of
DCF, SARAH SENTER, REBECCA
JACKSON, Clinical Director
of Mental Health, DONALD
SAWYER, Doctor/Director,
MELINDA MASTERS, Assistant
Clinical Director, KATJA
HAASE, BRIAN L. MASONY,
Attorney, M. JOHNSON,
Security, DONNA WARD, R.
MCCAWLEY, JOHN DOE LABREDO,
GEO CARE GROUP, INC.,
DEPARTMENT OF CHILDREN AND
FAMILY SERVICES, Director,
H. JAYNES, M. CARROLL, K.
KANNER, and DANIEL MONTALDI,

      Defendants.

_____

## ORDER OF DISMISSAL

This case is before the Court upon review of Rayvon L. Boatman's ("Plaintiff's") *pro se* amended civil rights complaint filed under 42 U.S.C. § 1983 (Doc. 13, filed June 16, 2016). Plaintiff, a civil detainee at the Florida Civil Commitment Center ("FCCC") in Arcadia, Florida, also filed a motion to proceed *in forma pauperis* (Doc. 4, filed April 11, 2016).

Because Plaintiff seeks to proceed *in forma pauperis*, the Court must review his amended complaint to determine whether it is

frivolous, malicious, or fails to state a claim upon which relief may be granted. <u>See</u> 28 U.S.C. § 1915(e)(2)(B)(i)-(iii).  After conducting an initial review of the amended complaint, this action is **DISMISSED** for failure to state a claim on which relief may be granted.

## I.   <u>Complaint</u>[1]

Plaintiff is a civil detainee at the Florida Civil Commitment Center (FCCC) in Arcadia, Florida.[2]  He initiated this action on March 31, 2016 by filing a 43-page civil rights complaint and 28 pages of exhibits in which he generally complained about the quality of treatment he receives at the FCCC (Doc. 1).  Plaintiff filed an amended complaint on June 16, 2016 (Doc. 13).

---

[1] All facts are taken from Plaintiff's amended complaint and the attachments in support of the original complaint (Doc. 13; Doc. 1-1).  <u>See</u> Fed. R. Civ. P. 10(c) ("A copy of a written instrument that is an exhibit to a pleading is a part of the pleading for all purposes.").

[2] The Florida legislature enacted the Sexually Violent Predators Act, Florida Statute §§ 394.910-.913, by which a person determined to be a sexually violent predator is required to be housed in a secure facility "for control, care, and treatment until such time as the person's mental abnormality or personality disorder has so changed that it is safe for the person to be at large." Fla. Stat. § 394.917(2).  The Act was promulgated for the dual purposes "of providing mental health treatment to sexually violent predators and protecting the public from these individuals." <u>Westerheide v. State</u>, 831 So. 2d 93, 112 (Fla. 2002); <u>Kansas v. Hendricks</u>, 521 U.S. 346 (1997) (holding that the Kansas Sexually Violent Predator Act did not establish criminal proceedings, and involuntary confinement pursuant to the Act was not punitive).

In his amended complaint, Plaintiff sues thirteen named individuals, Florida's Department of Children and Family Services, the Florida Department of Violent Predator Program Directors, and at least one "Doe" defendant (Doc. 13 at 1).  Plaintiff claims that the defendants have conspired to retaliate against him because of his "legal mind." Id. at 2, 8-9.  Although they are not attached to his amended complaint, Plaintiff references numerous grievances filed while at the FCCC as evidence of the defendants' animus towards him.  Generally, Plaintiff's claims appear to be based upon his belief that all of the defendants' actions towards him of which he did not approve are retaliatory in nature.  However, the claims are almost impossible to decipher. See discussion infra Part III.  In addition to Plaintiff's general claims of retaliation, he also asserts that he has not received due process in disciplinary hearings (id. at ¶¶ 62-80) and that he is receiving inadequate mental health treatment at the FCCC; both presumably in retaliation for his legal activity. Id. at ¶¶ 43-61.

Plaintiff seeks monetary damages for his mental pain and suffering, punitive damages, compensatory damages, and attorney fees and costs (Doc. 15 at 27-28).  Plaintiff also seeks compensation for his "unlawful removal from assigned food service resident work program." Id. at 28.

## II.   <u>Standard of Review</u>

A federal district court is required to review a civil complaint filed *in forma pauperis* and to dismiss any such complaint that is frivolous, malicious, or fails to state a claim upon which relief may be granted. 28 U.S.C. § 1915(e).  The mandatory language of 28 U.S.C. § 1915 applies to all proceedings *in forma pauperis*.[3]  Specifically, the section provides:

> Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that--
>
> (A)   the allegation of poverty is untrue; or
>
> (B)   the action or appeal-
>
> > (i)      is   frivolous    or malicious;
> >
> > (ii)     fails to state a claim on which relief may be granted; or
> >
> > (iii)    seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2).

---

[3] Despite Plaintiff's non-prisoner status, his amended complaint is subject to initial review under 28 U.S.C. § 1915(e)(2)(B).  <u>See</u> <u>Troville v. Venz</u>, 303 F.3d 1256, 1260 (11th Cir. 2002) (recognizing that the district court did not err when it dismissed a complaint filed by a civil detainee for failure to state a claim under 28 U.S.C. § 1915(e)(2)(B)); <u>see also</u> <u>Calhoun v. Stahl</u>, 254 F.3d 845 (9th Cir. 2001) (determining that § 1915(e)(2)(B) is not limited to prisoners, but applies to all persons proceeding *in forma pauperis*).

A complaint may be dismissed as frivolous under § 1915(e)(2)(B)(i) where it lacks an arguable basis in law or fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989). A claim is frivolous as a matter of law where, *inter alia*, the defendants are immune from suit or the claim seeks to enforce a right that clearly does not exist. Id. at 327. In addition, where an affirmative defense would defeat a claim, it may be dismissed as frivolous. Clark v. Georgia Pardons & Paroles Bd., 915 F.2d 636, 640 n.2 (11th Cir. 1990).

The phrase "fails to state a claim upon which relief may be granted" has the same meaning as the nearly identical phrase in Federal Rule of Civil Procedure 12(b)(6). See Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997) ("The language of section 1915(e)(2)(B)(ii) tracks the language of Federal Rule of Civil Procedure 12(b)(6), and we will apply Rule 12(b)(6) standards in reviewing dismissals under section 1915(e)(2)(B)(ii)."). That is, although a complaint need not provide detailed factual allegations, there "must be enough to raise a right to relief above the speculative level," and the complaint must contain enough facts to state a claim that is "plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555–56 (2007).

In making the above determinations, all factual allegations in the complaint must be viewed as true. Brown v. Johnson, 387 F.3d 1344, 1347 (11th Cir. 2004). Moreover, the Court must read

the plaintiff's *pro se* allegations in a liberal fashion. Haines v. Kerner, 404 U.S. 519 (1972).

### III. Analysis

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege that: (1) a violation of a constitutional right or federal statutory provision; (2) was committed by a person acting under color of state law. Doe v. Sch. Bd. of Broward County, Fla., 604 F.3d 1248, 1265 (11th Cir. 2010). To state a First Amendment retaliation claim under § 1983, Plaintiff must establish that: (1) his speech or act was constitutionally protected; (2) the defendants' retaliatory conduct adversely affected the protected speech; and (3) there is a causal connection between the retaliatory actions and the adverse effect on the speech. Douglas v. Yates, 535 F.3d 1316, 1321 (11th Cir. 2008). Moreover, for a confined plaintiff to state a cognizable retaliation claim, he must come forward with more than general attacks on an official's motivations. See Robinson v. Boyd, No. 5:03CV25/MMP/MD, 2005 WL 1278136, at *3 (N.D. Fla. May 26, 2005) (citing Crawford-El v. Britton, 523 U.S. 574 (1998)); Marsh v. Fla. Dep't of Corr., 330 F. App'x 179, 183 (11th Cir. 2009) (affirming district court's denial of a retaliation claim alleged by an FCCC resident). This may be accomplished by either alleging direct evidence of retaliatory intent or by describing "a chronology of events which

may be read as providing some support for an inference of retaliation." McDonald v. Hall, 610 F.2d 16, 18 (1st Cir. 1979).

Plaintiff generally claims that he is being treated differently from other FCCC residents in retaliation for filing numerous grievances and lawsuits. However, as pleaded, his amended complaint is virtually indecipherable. For example, in his fourth cause of action, "Continued Retaliation," Plaintiff asserts:

> See Exhibit (7P), dated 5/12 or 5/12/10, informal grievance, and Exhibit (66B), dated 5/18/10, was in reference to retaliation for grievances, See Exhibit (71); (Behavioral Contract), dated 8/25/14, a (90-day) Contract, instituted upon "(Commending – "to mention as worthy, Praise)" . . . and instituted to "(acknowledge)" – )" To admit the existence or truth of . . . to express gratitude for)" . . . . "(gratitude)" – "(thankfulness)" . . . for your continued effort in treatment)," having nothing to do with treatment. And was Private agreement to Secretly Punish the Plaintiff, via his mental health treatment, as a tool;
>
> The defendants Masters, Haase, Jaynes, Jelarde, Senter, Jackson, Sawyer; each acted in full knowledge that the agreement meant transferring of the Plaintiff, unlike any of the 600-six hundred other similarly situated residents at (FCCC) 2012-2016 and Continues.
>
> See Exhibits (543), a tracking and personal recording by the Plaintiff. Personally, as directly after each event took Place: The individual defendants involved as state mental health clinical employees, Possessing exact and detailed knowledge of the acts against the Plaintiff involving Unprovoked, Punished, discriminatory Punitive action and

retaliatory abuses for his legal mind, the
Plaintiff.

(Doc. 13 at ¶¶ 20-26).  Although Plaintiff filed this action *pro se*, he is still required to plead a complaint that complies with the Federal Rules of Civil Procedure. GJR Investment, Inc. v. County of Escambia, Fla., 132 F.3d 1359, 1369 (11th Cir. 1998) (holding that even in the case of *pro se* litigants, a court does not have license to serve as de facto counsel for a party or to re-write an otherwise deficient pleading in order to sustain an action), overruled on other grounds by Randall v. Scott, 610 F.3d 701, 709 (11th Cir. 2010); see also Moon v. Newsome, 863 F.2d 835, 837 (11th Cir. 1989) (a *pro se* litigant is subject to a court's rules and to the Federal Rules of Civil Procedure).

Rule 8 of the Federal Rules of Civil Procedure requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . ." Fed. R. Civ. P. 8(a)(2).  The purpose of Rule 8 is to give notice to the other party and not to formulate issues or fully summarize the facts involved. Clausen & Sons, Inc. v. Theo. Hamm Brewing Co., 395 F.2d 388, 390 (8th Cir. 1968).  District courts, when confronted with a complaint that does not comply with Rule 8(a), have been instructed by the Eleventh Circuit to intervene at the earliest possible moment and require the plaintiff to re-plead his entire case. Pelletier v. Zweifel, 921 F.2d 1465, 1522 (11th Cir. 1991),

abrogated on unrelated grounds by <u>Bridge v. Phoenix Bond & Indem. Co.</u>, 553 U.S. 639 (2008).

Plaintiff's amended complaint does not comply with Rule 8. While he complains that his constitutional rights were violated, presumably because he was terminated from his job in food service and transferred to a different housing unit, Plaintiff makes only general statements and points to numerous unrelated incidents in which he believes he was treated unfairly while at the FCCC. Plaintiff's references to his "legal mind" without any direct evidence that the defendants' actions were induced by their desire to retaliate against him for filing grievances simply do not state a retaliation claim.  See <u>Akins v. Perdue</u>, 204 F. App'x 839, 843 (11th Cir. 2006) (prisoner failed to state retaliation claim when he failed to allege any facts from which causal connection could be reasonably inferred); <u>Brazill v. Cowart</u>, 2011 WL 900721 at *3 (M.D. Fla. Mar. 14, 2011) (prisoner failed to allege facts suggesting a causal connection between the transfer and protected conduct).

In addition, Plaintiff's defendants vary from named employees at the FCCC to Florida's Department of Children and Family Services.  Plaintiff does not explain how any particular defendants' actions were unconstitutional, other than speculating that their general failure to provide him with the job and housing to which he felt entitled was in retaliation for his numerous

grievances and lawsuits.  The Court will not speculate as to the nature of each specific defendant's allegedly unconstitutional conduct so as to cobble together a viable complaint on Plaintiff's behalf.  The Supreme Court explains:

> While a complaint . . . does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level.

Twombly, 550 U.S. at 545 (internal citations and quotations omitted).

Finally, the claims raised in the instant complaint appear to be unrelated to each other.  For example, Plaintiff's claims of retaliation are unrelated to the alleged lack of due process he received at his disciplinary hearings.  Unrelated claims against different defendants belong in different suits.  If claims are not related to the same basic issue or incident, then each must be raised in a separate suit to prevent confusion and to ensure that Plaintiff pays the required filing fees. See George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) ("Unrelated claims against different defendants belong in different suits, not only to prevent the sort of morass that this 50-claim, 24-defendant suit produced but also to ensure that [plaintiffs] pay the required filing fees[.]").

ACCORDINGLY, it is hereby **ORDERED:**

1.   Plaintiff's motion for leave to proceed *in forma pauperis* (Doc. 4) is **DENIED**.

2.   Plaintiff's amended complaint (Doc. 13) is **DISMISSED** without prejudice to Plaintiff filing new actions which comply with the Federal Rules of Civil Procedure.[4]  Plaintiff shall not use the instant case number on any new complaint filed with this Court.

3.   The **Clerk of Court** is directed to terminate any pending motions, close this case, and enter judgment accordingly.

**DONE** and **ORDERED** in Fort Myers, Florida on this   20th   day of December, 2016.

John E. Steele
_____
JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE

SA: OrlP-4
Copies: Rayvon Boatman
Counsel of Record

---

[4] A review of the PACER case locater indicates that Plaintiff has filed more than ninety civil cases in federal courts. See www.pacer.gov.  Accordingly, he is well aware of his duty to comply with the Federal Rules of Civil Procedure. A dismissal without prejudice does not toll any applicable statute of limitation, nor is it a comment on the validity of any potential claim.